1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  MICHAEL STAMPER,                                CASE NO. 1:10-cv-00155-SKO PC

10              Plaintiff,                         ORDER DISMISSING COMPLAINT, WITH
                                                   LEAVE TO AMEND, FOR FAILURE TO
11        v.                                       STATE A CLAIM

12  M. BLACKWELL, et al.,                          (Doc. 1)

13              Defendants.                        THIRTY-DAY DEADLINE
    _____/

14
15                              **Screening Order**

16  **I.    Screening Requirement and Standard**

17        On February 1, 2010, Plaintiff Michael Stamper, a state prisoner proceeding pro se and in

18  forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (the

19  Americans with Disabilities Act (ADA)).  The Court is required to screen complaints brought by

20  prisoners seeking relief against a governmental entity or an officer or employee of a governmental

21  entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner

22  has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

23  may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24  U.S.C. § 1915(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have

25  been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

26  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

27        A complaint must contain "a short and plain statement of the claim showing that the pleader

28  is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2  do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell

3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required

4  to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.

5  2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,

6  legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

7         To state a claim, Plaintiff must demonstrate that each defendant personally participated in

8  the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations

9  sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

10  Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of

11  meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

12  **II.    Summary of Complaint**

13         **A.    Allegations**

14         Plaintiff, an inmate housed at Avenal State Prison, brings this suit against Certified Physician

15  Assistants M. Blackwell and P. Safi, Licensed Vocational Nurse E. McGant, and Chief Medical

16  Officer E. Greenman for failing to adequately address his medical needs.  Plaintiff alleges that

17  Defendants violated his rights under the Eighth and Fourteenth Amendments of the United States

18  Constitution and under the ADA, and he seeks damages and declaratory relief.

19         Plaintiff entered the prison system on October 17, 2007, and he transferred to Deuel

20  Vocational Institution on December 4, 2007.  Plaintiff was seen by Dr. Baker, who issued Plaintiff

21  a "Reasonable Accommodation Chrono" due to Plaintiff's chronic spinal condition.  The chrono

22  recommended that Plaintiff be provided with an egg crate mattress and soft soled shoes.

23         On January 22, 2008, Plaintiff transferred to Avenal State Prison.  Plaintiff was seen by

24  Defendant Blackwell on February 13, 2008, following his submission of a health care request form.

25  Plaintiff informed Defendant Blackwell of his need for an egg crate mattress and soft soled shoes.

26  Defendant Blackwell told Plaintiff that custody staff did not want medical staff issuing egg crate

27  mattresses or soft soled shoes due to the security issues.  Plaintiff's requests were denied by

28  ///

Defendant Blackwell, despite their previous approval from medical staff at Deuel Vocational Institution.

In January or February, Plaintiff was moved from a lower bunk to the center bed of a triple bunk.  Getting in and out of the center bed caused Plaintiff pain because of the difficulty in maneuvering his body.  Plaintiff submitted another health care request form regarding the center bunk bed.  Defendant Blackwell saw Plaintiff again and told him that the center bed in a triple bunk bed is considered a bottom bed by the prison.

In March, Plaintiff's legs went numb and collapsed when he was trying to get down from his bed.  Plaintiff raised his arm in an attempt to break his fall and tore a ligament in his shoulder joint. As a result, Plaintiff experiences severe, sharp pain in his shoulder periodically, depending on his movements.

In June, Plaintiff was seen by a Doe physician to review the x-rays of his spine.  Dr. Doe told Plaintiff that there was nothing wrong with his spine and refused to schedule an MRI.  Plaintiff alleges that his health care record documents two things wrong with his spine, and that he told Dr. Doe he was previously diagnosed with disk problems by an outside doctor.  Dr. Doe told Plaintiff to have the outside doctor send them Plaintiff's records and they would then do something about his back.  Plaintiff told Dr. Doe that it would likely be impossible to obtain those medical records.

On July 10, 2008, Plaintiff submitted a "Reasonable Modification or Accommodation Request" form seeking an egg crate mattress, a lower bed/bottom bunk chrono, a shoe chrono, and a light duty work detail chrono.[1]  Defendant Blackwell denied Plaintiff's request, stating that he did not have any ADA issues.

On August 26, 2008, Plaintiff was seen by Defendant Safi for his spinal and leg issues. Plaintiff told Defendant Safi about the fall from his bunk and how it caused a shoulder injury. Defendant Safi told Plaintiff that he did not want to hear about his shoulder.

///

///

[1] This form is used by inmates with disabilities covered under the ADA who are seeking a modification or an accommodation based on their disability.  (Doc. 1, Comp., court record p. 17.)

1  Plaintiff pursued his ADA appeal to the next level of review, claiming he was suffering

2  physical pain in his lower back and shoulder.  On September 16, 2008, Defendant Greenman denied

3  Plaintiff's appeal, which caused Plaintiff to continue suffering great pain.

4  **B.   Medical Care Claim**

5  **1.   Legal Standard**

6  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

7  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

8  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

9  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each

10  defendant personally participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Simmons

11  v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588

12  F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Liability may not be imposed under section

13  1983 against supervisory personnel for the actions or omissions of their subordinates under the

14  theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing,

15  588 F.3d at 1235; Jones, 297 F.3d at 934.  Supervisors may be held liable only if they "participated

16  in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v.

17  List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, ___ F.3d ___, ___, No. 09-55233,

18  2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.

19  2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.

20  2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

21  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

22  conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452

23  U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise

24  to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner

25  of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

26  deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)

27  (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official

28  does not act in a deliberately indifferent manner unless the official "knows of and disregards an

4

1   excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970

2   (1994).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led

3   to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical

4   needs. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX

5   Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (citing Shapely v. Nevada Bd.

6   of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

7               **2.    Discussion**

8           Neither a difference of opinion between medical personnel regarding treatment nor Plaintiff's

9   difference of opinion with medical staff amounts to deliberate indifference.  Sanchez v. Vild, 891

10  F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Therefore,

11  the decision to deny Plaintiff's request for an egg crate mattress and soled shoes, without more, does

12  not support a claim even though those requests were granted at a different institution.  If Plaintiff has

13  a serious medical need, that need may not be disregarded simply because addressing it would

14  inconvenience custody staff, but Plaintiff's allegations must be sufficient to show that the failure to

15  provide an egg crate mattress and soft soled shoes rose to the level of deliberate indifference.

16          Plaintiff's allegations regarding the center bunk, his shoulder injury, his spinal condition, and

17  his request for a light duty work chrono similarly fall short.  "Deliberate indifference is a high legal

18  standard." Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be

19  aware of the facts from which the inference could be drawn that a substantial risk of serious harm

20  exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at

21  837).  "'If a prison official should have been aware of the risk, but was not, then the official has not

22  violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of

23  Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Plaintiff's exhibits indicate that his requests

24  were reviewed, but medical staff determined he did not have a medical need for the accommodations

25  he was seeking.  This disagreement between Plaintiff and medical staff does not support a plausible

26  Eighth Amendment claim.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

27  ///

28  ///

### C.   Due Process Claim

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).  Here, Plaintiff's claims arise out of his disagreement with the handling of his medical care by prison staff. Plaintiff does not allege any facts that would support a claim for the deprivation of a protected interest without due process of law, and his due process claim fails as a matter of law.

### D.   ADA Claim

Plaintiff mentions he was denied a reasonable accommodation under the ADA.  The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA.  See Burger v. Bloomberg, 418 F.3d 882, 882  (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Title II of ADA "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff's complaint is devoid of any facts supporting a plausible claim for violation of the ADA.  In the unlikely event that Plaintiff is able to amend to state a viable ADA claim, Plaintiff is cautioned that he may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities.  Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree

v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

### E.   Declaratory Relief

Finally, in addition to damages, Plaintiff seeks a declaration that his rights were violated. Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (quotation marks omitted). In the event that Plaintiff is able to amend to state a claim, declaratory relief is not available.

## III.   Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.       The Clerk's Office shall send Plaintiff a complaint form;

7

2.      Plaintiff's complaint, filed February 1, 2010, is dismissed for failure to state a claim upon which relief may be granted;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    April 7, 2011**                              /s/ **Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE